Barrows v. Bezanson          CV-95-231-SD 05/28/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Gerald Barrows;
Angela Barrows


          v.                         Civil No. 95-231-SD


Dennis G. Bezanson;
Fidelity and Guaranty
 Insurance Company


**O R D E R**

     This matter is before the court for resolution of issues
raised by certain pretrial proceedings.


1.  Defendants' Renewed Motion in Limine to Exclude Evidence of
Lost Profits, document 100

     By motion filed March 1, 1996, defendants sought to exclude
evidence of lost profits.  Their dual grounds were (1) collateral
estoppel arising from prior rulings of the bankruptcy court and
(2) that plaintiffs had failed to produce expert testimony to
support this claim.

     On August 13, 1996, the court, without consideration of the
collateral estoppel issue, ruled that as plaintiffs lacked expert
testimony they could not succeed on the challenged issue.
Document 73.  However, the court granted plaintiffs leave to
locate and designate an expert on the issue.  Id.

     Subsequently, plaintiffs designated Thomas J. Mulhern,

apparently a certified general real estate appraiser in Massachusetts, to serve as such expert.[1] The renewed motion challenges Mulhern's proposed testimony and also raises anew the issue of collateral estoppel. The plaintiffs object. Documents 101, 103.[2]

The court's review of the proposed testimony of Mulhern, in conjunction with the probable testimony of Gerald Barrows based on his building experience,[3] satisfies the court that the challenge to Mulhern's expertise is unpersuasive. There is, however, more merit to the collateral estoppel challenge.

The doctrine of collateral estoppel bars a party to a prior action, or a person in privity with such a party, from relitigating any issue or fact actually litigated and determined in the prior action. The three basic conditions which provide a foundation for application of collateral estoppel include (1) the issue subject to estoppel must be identical in each action, (2) the first action must have resolved the issue finally on the merits, and (3) the party to be estopped must have appeared as a party in the first action or have been in privity with someone who did so. Gephart v. Daigneault, 137 N.H. 166, 172, 623 A.2d

---

[1]In the interim, plaintiff Gerald Barrows fought and lost the battle on his own claim for expertise on the challenged issue.

[2]Document 101 is plaintiffs' objection to the motion. Document 103 is plaintiffs' motion (herewith granted) for leave to supplement said objection.

[3]Contrary to the defendants' position, the court finds that Gerald Barrows has sufficient building experience to permit him to testify on those issues concerning the erection of the buildings at issue, as contrasted with the profit to be made on said buildings.

1349, 1352-53 (1993) (citing and quoting <u>Daigle v. City of Portsmouth</u>, 129 N.H. 561, 570, 534 A.2d 689, 693 (1987)). Additionally, these conditions are to be understood as particular elements of the more general requirement that a party against whom estoppel is pleaded must have had a full and fair prior opportunity to litigate the issue or fact in question. <u>Id.</u>

The bankruptcy proceedings upon which defendants rely followed several days of hearing which ended on May 17, 1990. The plaintiffs appeared as a party in those proceedings. The remaining elements of collateral estoppel, however, cannot here be met, for the speculative nature of the building project of which the bankruptcy judge wrote was determined as of 1990, while the plaintiffs here seek (and contend their evidence will support) loss of profits for the years 1988 and 1989.[4]

The renewed motion in limine to exclude evidence of lost profits must be and it is herewith denied.

2. Defendants' Motion to Reschedule Certain Pretrial Deadlines, document 104

By its April 14, 1997, notice of trial assignment, the court set the due date for final pretrial statements at October 24, 1997, the date for filing Local Rule 16.2(e) objections at November 3, 1997, the date for final pretrial at November 5,

_____

[4]Plaintiffs' suggestion that 11 U.S.C. § 364 and its concern for adequate protection of senior creditors is so far different from the issues before the court in this case as to be an improper vehicle for collateral estoppel lacks legal merit. Had the dates been the same in both cases, the defendants' motion would probably be granted.

1997, and the date for jury selection at November 18, 1997.

Defendants' counsel has purchased a prepaid overseas vacation of two weeks commencing October 25, 1997. While this vacation will not interfere with the scheduled time for jury selection, it necessarily will interfere with the other deadlines set forth in the notice of trial assignment. Accordingly, counsel requests adjustment of such deadlines.

The court herewith obliges. The date for filing final pretrial statements is herewith reset to September 26, 1997. L.R. 16.2(e) objections are due October 6, 1997. The final pretrial will be held at 9 a.m. on Wednesday, October 15, 1997. Jury selection remains set as scheduled for November 18, 1997.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

May 28, 1997

cc:    Duncan B. MacNamee, Esq.
       Angela Barrows, pro se
       Geraldine B. Karonis, Esq.
       Robert M. Daniszewski, Esq.